IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD BROCKENBAUGH, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. Act. No. 16-466-LPS |
| | : | Cr. Act. No. 11-50-LPS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

---

Ronald Brockenbaugh. *Pro se* Movant.

Robert Kravetz, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

## MEMORANDUM OPINION

September 30, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I.     INTRODUCTION

Ronald Brockenbaugh ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 39) The United States ("Respondent") filed an Answer in Opposition. (D.I. 47) For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f), without holding an evidentiary hearing.

## II.     BACKGROUND

On February 29, 2012, Movant pled guilty to a ten-count Information, which charged him with eight counts of Hobbs Act robbery (18 U.S.C. § 1951), one count of possessing and brandishing a firearm in interstate commerce in furtherance of a crime of violence (18 U.S.C. § 924(c)), and one count of possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)). (D.I. 31 at 1-2; D.I. 44) The charges stemmed from Movant's armed crime spree in late-2010, when he robbed six commercial establishments in Delaware and two in Connecticut. (D.I. 47 at 1 n.1) The Court sentenced Movant on February 29, 2012 to a total of 180 months in prison. (D.I. 35) Movant's Plea Agreement contained an appellate waiver provision, and Movant did not appeal his convictions or sentences. (D.I. 31 at 5 ¶6)

Movant filed the instant *pro se* § 2255 Motion in June 2016, asserting that: (1) his conviction and sentence under 18 U.S.C. § 924(c) (Count Two) should be vacated because the underlying offense no longer qualifies as a violent felony after *Johnson v. United States*, 135 S.Ct. 2551 (2015) (D.I. 29 at 2-5, 11); and (2) the Court incorrectly calculated the advisory Sentencing Guidelines in relation to the Hobbs Act robbery convictions (Counts One, Two-Nine) and his criminal history (D.I. 39 at 2, 5-6). Respondent filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be dismissed as time-barred. (D.I. 47) Movant filed a Reply arguing that his Motion

should be considered timely filed because he filed it within one year after the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), which announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. (D.I. 49 at 1-2)

## III.    DISCUSSION

### A. Both Claims Are Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant contends that he is entitled to a later starting date for the limitations period under § 2255(f)(2) and (4), because he filed the Motion within one year after the Supreme Court's June 26, 2015 *Johnson* decision, and *Johnson* is retroactively applicable on collateral review. (D.I. 39 at 6, 19)

2

Given his reference to *Johnson* and retroactivity, the Court presumes Movant intends to seek a later starting date for the limitations period under § 2255(f)(3). This presumption is also supported by the fact that Movant does not identify any alleged impediment created by Respondent (as required by § 2255(f)(2)), or any newly discovered facts (as required by § 2255(f)(4)). In his Traverse, Movant also appears to assert that he is entitled to a later starting date for the limitations period because *Sessions v. Dimaya*, __ U.S. ___, 138 S.Ct. 1204 (2018), applied *Johnson* to invalidate a residual clause similar in wording to the clause under which he was sentenced. (D.I. 49)

In *Johnson*, the Supreme Court held that the residual clause definition of a "violent felony" in the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(2)(B)) was unconstitutionally void for vagueness under the Due Process Clause. *See Johnson*, 135 S.Ct. 2551 at 2556-60. The Supreme Court made *Johnson* retroactively applicable on collateral review in *Welch v. United States*, 136 S.Ct. 1257, 1264 (2016), but subsequently clarified in *Beckles v. United States*, 137 S.Ct. 886, 889-92 (2017), that *Johnson*'s holding regarding the residual clause in the ACCA only created a right as to the ACCA. *See United States v. Green*, 898 F.3d 315, 321 (3d Cir. 2018). Thereafter, in *Dimaya*, the Supreme Court explored the contours of the *Johnson* holding and held that 18 U.S.C. § 16(b)'s residual clause definition for "crime of violence,"[1] as incorporated into the Immigration and Nationality Act ("INA"), was unconstitutionally vague. *See Dimaya*, 138 S.Ct. at 1223.

### 1. No later starting date for Claim One

Claim One challenges Movant's sentence that was imposed under § 924(c). As a result, *Johnson* does not trigger a later starting date under § 2253(f)(3) for Claim One, because *Johnson* recognized a right to bring a vagueness challenge to a sentence imposed under the ACCA, not to a

---

[1] Section 16(b)'s residual clause defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Dimaya*, 138 S.Ct. at 1211.

sentence imposed under § 924(c). *Dimaya* also does not trigger a later starting date for Claim One. Even though the *Dimaya* Court applied *Johnson* to the INA's residual clause of § 16(b), which contains wording similar to that found in the residual clause of § 924(c)(3)(B), *Dimaya* does not apply to § 924(c)(3)(B) and the Supreme Court has not declared *Dimaya* retroactively applicable on collateral review. *See, e.g., Trevino v. United States*, 2018 WL 5437741, at *3 (M.D. Pa. Oct. 29, 2018).

However, on June 24, 2019, while this Motion was pending before the Court, the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Davis*, ___ S.Ct. ___, 2019 WL 2570623 (June 24, 2019). Since the Supreme Court did not declare *Davis* to be retroactively applicable on collateral review, the Court cannot conclude that *Davis* triggers a later starting date for the limitations period with respect to Claim One. Nevertheless, even if *Davis* should be construed as retroactively applicable and thereby capable of rendering Claim One timely filed, Movant is not entitled to relief because, as explained later in the Opinion, the Claim lacks merit.[2]

### 2. No later starting date for Claim Two

Claim Two asserts a non-constitutional argument that the Court incorrectly calculated Movant's adjusted offense level and criminal history category, and improperly enhanced Movant's sentence outside § 3553's sentencing factors. (D.I. 39) As previously explained, *Johnson*, *Dimaya*, and *Davis* recognized a new right with respect to the residual clauses in the ACCA, the INA, and § 924(c) (3)(B). Thus, since these three cases did not recognize a new retroactively applicable right relating to the calculation of his adjusted offense level or criminal history category under the Sentencing

---

[2]Claim One lacks merit because each of Movant's Hobbs Act robbery convictions qualifies as a "crime of violence" under the elements clause of § 924(c)(3)(A). *See United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016).

Guidelines, the Court concludes that Movant "cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." *Green*, 898 F.3d at 321.

### 3. Limitations calculation

Based on the foregoing, the one-year period of limitations for both of Movant's Claims began to run when Movant's conviction became final under § 2255(f)(1). Movant's amended judgment of conviction was entered on May 7, 2012, and he did not appeal. Consequently, his conviction became final on May 21, 2012, the date on which the fourteen-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

To comply with the one-year limitations period, Movant had to file his § 2255 Motion no later than May 21, 2013. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary date of triggering event for starting limitations period). Movant did not file the instant § 2255 Motion until June 16, 2016,[3] approximately three years after the expiration of the filing deadline. Therefore, Movant's § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may be tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles,

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date on the Motion – June 16, 2016 – as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing . . . .").

the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Movant does not assert, and the Court cannot discern, any reason to equitably toll the limitations period. To the extent Movant's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, because the doctrine of equitable tolling is not available to Movant on the facts he has presented, the Court will deny the instant Motion as time-barred.

### B. Claim One: Alternatively Denied As Meritless

Movant asserts the following two sub-arguments in Claim One: (1) the residual clause of § 924(c)(3)(B) is void for vagueness since it is substantially similar to the INA residual clause determined to be void for vagueness in *Dimaya,* (D.I. 49 at 2); and (2) his Hobbs Act robbery convictions no longer qualify as crimes of violence under the elements clause of § 924(c)(3)(A) when analyzed in context with the *Johnson* rule and pursuant to the categorical approach used by courts to determine if the elements of particular offenses constitute a "crime of violence" (D.I. 39 at 4-5, 11). As explained below, the Court concludes that Movant's Hobbs Act robbery convictions constitute crimes of violence under the elements clause of § 924(c)(3)(A). Given this determination, the Court need not address Movant's residual clause argument.

6

Section 924(c) imposes a mandatory minimum consecutive sentence for "any person who, during and in relation to a crime of violence . . . uses or carries a firearm . . ." 18 U.S.C. § 924(c) (1)(A). Section 924(c)(3) includes two definitions for "crime of violence," typically referred to as the "elements clause" and the "residual clause." The "elements clause" covers crimes that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The "residual clause" covers crimes that "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Courts use one of two methods for determining whether an offense constitutes a predicate offense under the elements clause of § 924(c)(3)(A): the categorical approach or the modified categorical approach. Under the categorical approach, a court determines if an offense constitutes a "crime of violence" by looking only at the elements of the statute of the predicate conviction, and not at "the particular facts underlying th[at] conviction." *Taylor v. United States*, 495 U.S. 575, 600 (1990). The categorical approach is used when the statute for the predicate conviction is non-divisible, namely, when the statute does not contain alternative elements. *C.f. United States v. Beardsley*, 691 F.3d 252, 265 (2d Cir. 2012) ("Most of our sister circuits, in a range of contexts that includes the ACCA and the INA, have adopted a divisibility rule for the modified categorical approach.")).

In contrast, courts use the modified categorical approach when the statute for the underlying predicate conviction is divisible, namely, when one or more of the elements of the predicate offense has an alternative. *See Descamps*, 133 S.Ct. at 2281. Under the modified categorical approach, sentencing courts are permitted "to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 257. These

documents, called *Shepard* documents, include "the indictment, jury instructions, or plea agreement and colloquy." *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016).

In *United States v. Robinson*, the Third Circuit noted that "analyzing a § 924(c) predicate offense in a vacuum [as required by the categorical approach] is unwarranted when the convictions of contemporaneous offenses, read together, necessarily support the determination that the predicate offense was committed with the 'use, attempted use, or threatened use of physical force against the person or property of another.'" *United States v. Robinson*, 844 F.3d 137, 143 (3d Cir. 2016). Consequently, the Third Circuit held that the modified categorical approach should be used when the case involves contemporaneous convictions for the predicate Hobbs Act robbery conviction and the conviction under § 924(c).[4] *Id.* at 143-44. Under the modified categorical approach for contemporaneous cases, a court still compares the statutory elements of each offense, but also considers facts that have "either been found by the jury or admitted by the defendant in a plea." *Robinson*, 844 F.3d at 143. More specifically, when the two offenses – Hobbs Act robbery and brandishing a firearm – "have been tried together and the jury has reached a guilty verdict on both offenses [or the defendant has pled guilty to both offenses], the Hobbs Act robbery qualifies as a crime of violence under the 'elements clause' of 18 U.S. C. § 924(c)(3)(A)." *Id.* at 139.

In this case, Movant's predicate offense – the commission of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) – occurred contemporaneously with Movant's § 924(c) offense, and Movant pled guilty to robbery committed while brandishing a firearm. (D.I. 23 at 1-5; D.I. 44 at 17-23) All of these facts were before the Court at the time of sentencing. (D.I. 44 at 34) Consequently,

---

[4]Recently, in *United States v. Davis*, the Supreme Court held that the categorical approach, as opposed to a case-specific approach, must be used to determine if an offense qualifies as a crime of violence under the residual clause of § 924(c)(3)(B). *See United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, 2325-28 (2019). Since *Davis* limited its discussion to the residual clause, there is no reason to doubt the continued validity of *Robinson*'s rule that the modified categorical approach applies when analyzing predicate crimes under the elements clause of § 924(c)(3)(A).

pursuant to *Robinson*, Movant's Hobbs Act robbery offense constitutes a crime of violence under the elements clause of § 924(c)(3)(A). Accordingly, the Court will alternatively deny Claim One as meritless.

## IV.    EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## V.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VI.    CONCLUSION

For the foregoing reasons, the Court will dismiss as time-barred Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. The Court will not issue a certificate of appealability. An appropriate Order will be entered.